IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00426-WYD-BNB

VINCENT GAGLIARDI,

Plaintiff,

v.

CITY MANAGER, NAME UNKNOWN,
CHIEF OF POLICE, CHARLES GLORIOSO,
OFFICER GABE VAZQUEZ,
OFFICER, ARCHIE VIGIL,
OFFICER, DAN DURAN,
POLICE DISPATCHER, NAME UNKNOWN, and
UNKNOWN EMPLOYEE 1 AND 2,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff commenced this action on February 27, 2009. On March 10, 2009, I ordered the plaintiff to file proof of service on all defendants on or before July 1, 2009. The plaintiff did not file any proofs of service by July 1, 2009.

The plaintiff failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on June 27, 2009. Consequently, I ordered the plaintiff to show cause on or before July 23, 2009, why this case should not be dismissed for failure to prosecute, failure to timely effect service of process as required by the

Federal Rules of Civil Procedure, and failure to comply with an Order of this Court. D.C.COLO.LCivR 41.1. I cautioned the plaintiff that failure to respond to the order to show cause within the time allowed or to show cause may result in my recommendation that this case be dismissed.

In his response to the show cause order, the plaintiff requested that he be permitted an unspecified extension of time to serve the parties. The basis for his request was that he "must obtain the services of the Las Animas County Sheriff's Dept for process of service, as it is the only known Service Provider in Las Animas County," and that he is at odds with the Las Animas County Sheriff's Department because they failed to protect him from an assault by the brother of a deputy employed by the department.

I advised the plaintiff that under the Federal Rules of Civil Procedure, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint," Fed. R. Civ. P. 4(c)(2), and I found that the plaintiff had failed to show good cause for his failure to serve the defendants. Nevertheless, I granted the plaintiff an extension of time until August 5, 2009, to file proofs of service on all of the defendants. I warned him that no further extensions of time would be granted and that failure to file proofs of service as ordered would result in my recommendation that this case be dismissed.

On August 4, 2009, the plaintiff filed a paper entitled "Objection to the Court's Order and Motion for an Extension fo Time to Serve Parties on Error of the Court" [Doc. #16]. The plaintiff requested that he be permitted another unspecified extension of time to serve the parties because (1) the Clerk's Office had mailed him a summons that was not "stamped"; (2) he attempted to file the proof of service via e-mail, but he has not been approved for electronic filing; and (3) the Clerk's Office informed him that he did not submit proof of service on the

correct form.[1]

On August 5, 2009, the plaintiff filed a paper entitled "Notice" [Doc. #18] in which he states that he served the City of Trinidad with a copy of the Complaint on August 4, 2009, and that he served the Summons on the City of Trinidad on August 5, 2009. Attached to the Notice is a copy of a generic receipt for payment of $60.00 which states "Complaints - serve papers." The piece of paper upon which the receipt was copied contains the following handwritten statement:

> August 4, 2007, Note:
>
> Sheriff Office closed Aug 2, and 3rd Weekend - No Sec to accept payment - taken by Sheriff office at 10:30 AM Aug 4, 2009, by Planiff [sic] father C S Gagliardi - Complaints Served
>
> This is receipt from Trinidad Sheriff Office for which to Serve all Parties as directed by Court.

On August 6, 2009, the plaintiff filed a paper entitled "Certificate of Service" [Doc. #20] which states:

> On the 5th day of August, 2009, I served a copy of the foregoing SUMMONS to Complaint in case #09CV00426WYDBNB by facsimile machine addressed to " CITY OF TRINIDAD, et al @ 719 846 4140.

To date, there have been no proofs of service filed on the individual defendants.

The plaintiff's proof of service on the City of Trinidad is inadequate. The Federal Rules of Civil Procedure state that a municipality must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or by effecting service in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). The Colorado Rules of Civil Procedure

---

[1] The plaintiff filed an identical paper on August 5, 2009 [Doc. #17], which was mistakenly file-stamped "July 5, 2009."

provide that service upon a municipality is effected by delivering a copy of the summons and complaint to the mayor, city manager, clerk, or deputy clerk. Colo. R. Civ. P. 4(e)(6). The Colorado Rules of Civil Procedure do not provide for service by facsimile.

The plaintiff did not show cause for his failure to timely serve the defendants within the 120 days provided by the Federal Rules of Civil Procedure, and he has not served them within the additional time granted to him.

I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE based on the plaintiffs' failure to prosecute, failure to make sufficient service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with my orders dated March 10, 2009 [Doc. #5], and July 28, 2009 [Doc. #15].

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 10, 2009.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge