IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00426-WYD-BNB

VINCENT GAGLIARDI,

    Plaintiff,

v.

CITY MANAGER, NAME UNKNOWN;
CHIEF OF POLICE, CHARLES GLORIOSO;
OFFICER GABE VAZQUEZ;
OFFICER, ARCHIE VIGIL;
OFFICER, DAN DURAN;
POLICE DISPATCHER, NAME UNKNOWN; and
UNKNOWN EMPLOYEE 1 AND 2,

    Defendants.

## ORDER REJECTING RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland, entered August 10, 2009 [#22] ("Recommendation"), which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, D.C.COLO.LCivR. 72.4.

I note that this matter was referred to Magistrate Judge Boland for all pretrial proceedings by an Order of Reference dated March 6, 2009 [#4].  In the Recommendation, Magistrate Judge Boland recommends that Plaintiff's Complaint be dismissed without prejudice based on Plaintiffs' failure to prosecute, failure to make

sufficient service of process, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with Magistrate Judge Boland's orders dated March 10, 2009 [#5] and July 28, 2009 [#15].  On August 20, 2009 [#25], Plaintiff, who is proceeding *pro se*, filed a Response to the Recommendation and Motion for leave to amend his Complaint.  Plaintiff also filed a motion to correct the record and an amended motion to correct the record on August 18, 2009 [#23], and August 20, 2009 [#24], respectively.  I will construe these pleadings as "Objections" to the Recommendation and, because they were timely filed, I will conduct a *de novo* review as to the specific portions of the Recommendation to which Plaintiff objects. Fed. R. Civ. P. 72(b).

By way of background, I note that Plaintiff commenced this action on February 27, 2009.  On March 10, 2009, Magistrate Judge Boland entered a Minute Order requiring Plaintiff to file proof of service on all Defendants on or before July 1, 2009. Plaintiff did not file proofs of service by this date.  On July 9, 2009, Magistrate Judge Boland issued an Order to Show Cause ordering Plaintiff to show cause on or before July 23, 2009, why this case should not be dismissed for failure to prosecute and failure to timely effect service of process as required by the Federal Rules of Civil Procedure. On July 16, 2009, Plaintiff filed a Response to the Order to Show Cause in which he stated, among other things, that he is at odds with the Las Animas County Sheriff's Department, the only known service provider in Las Animas County, and needed an unspecified extension of time to serve the parties.  On July 28, 2009, Magistrate Judge Boland granted Plaintiff an extension of time until August 5, 2009, to file proofs of

service, and reminded Plaintiff that pursuant to Ruel 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."

On August 4, 2009, Plaintiff filed a pleading entitled "Objection to the Court's Order and Motion for An Extension of Time to Serve Parties on Error of the Court,"[1] in which he requested an additional, unspecified extension of time to serve the parties based on alleged difficulties he was experiencing preparing and submitting the correct form of Summons to the Clerk of Court.  On August 5, 2009 and 6, 2009, Plaintiff filed a "Notice" of service on the City of Trinidad and a "Certificate of Service" but he did not file any proofs of service.  Thus, on August 10, 2009, Magistrate Judge Boland issued his Recommendation that the Complaint be dismissed without prejudice based on Plaintiffs' failure to timely serve the Defendants.  In the Recommendation, Magistrate Judge Boland noted that to date, there have been no proofs of service filed on the individual Defendants, and that the proof of service filed as to the City of Trinidad is inadequate because a municipality must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or by effecting service in the manner prescribed by state law.  Recommendation at 2-4.

In his Objections to the Recommendation Plaintiff recounts various difficulties he allegedly encountered towards the later part of July and the early part of August obtaining a stamped Summons from the Clerk of Court, and states that since the time the Recommendation was issued he has, in fact, properly served Defendants with a

---

[1] Plaintiff filed an identical document on August 5, 2009 [#17], which was mistakenly file-stamped "July 5, 2009."

copy of the Summons and Complaint in this case. Plaintiff contends that his failure to serve Defendants within the time frame prescribed by Magistrate Judge Boland is based on his failure to obtain a proper Summons until August 5, 2009. I note that Plaintiff should have commenced the process of serving the parties well before Magistrate Judge Boland issued his Order to Show Cause on July 23, 2009. In addition, I agree with Magistrate Judge Boland that Plaintiff failed to file proofs of service on the Defendants within the time frame provided by the Federal Rules of Civil Procedure and Magistrate Judge Boland's Orders. However, since the Recommendation was issued on August 10, 2009, it appears that Plaintiff has attempted to serve the Defendants, and various returns of service were filed on August 21, 2009, and August 27, 2009. In addition, Defendants have filed a Special Entry of Appearance and Motion to Quash Service, to which Plaintiff has filed a response.

A district court need not follow any particular procedures when dismissing an action without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 1007). While I agree with the factual findings contained in Magistrate Judge Boland's Recommendation, I find that dismissal, even dismissal without prejudice, is too harsh a sanction under the circumstances of this particular case. Following issuance of this Order, all pending motions regarding the adequacy of service will be referred to Magistrate Judge Boland. Therefore, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge, entered August 10, 2009 [#22] is **REJECTED**. It is

FURTHER ORDERED that Plaintiff's Amended Motion to Correct Record, filed August 20, 2009 [#24] is **DENIED AS MOOT**.  It is

FURTHER ORDERED that Plaintiff's Response to Honorable Magistrates Recommendation to Dismiss Plaintiff's Complaint and Plaintiff's Motion for Leave to Amend Complaint, filed August 20, 2009 [#25] is **GRANTED IN PART**.  The Objection is granted as set forth here.  However, I have not considered Plaintiff's request to file an Amended Complaint.  It is

FURTHER ORDERED that Plaintiff's Objection to the Court's Order and Motion for an Extension of Time to Serve Parties on Error of the Court, filed August 4, 2009 [#16] and August 5, 2009 [#17] are **DENIED AS MOOT**.

Dated:  September 3, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge