IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00426-WYD-BNB

VINCENT GAGLIARDI,

Plaintiff,

v.

CITY MANAGER, NAME UNKNOWN,
CHIEF OF POLICE, CHARLES GLORIOSO,
OFFICER GABE VAZQUEZ,
OFFICER, ARCHIE VIGIL,
OFFICER, DAN DURAN,
POLICE DISPATCHER, NAME UNKNOWN, and
UNKNOWN EMPLOYEE 1 AND 2,

Defendants.

_____

**ORDER**

_____

This matter arises on the following:

(1)     **Special Entry of Appearance and Motion to Quash Service** [Doc. # 33, filed

8/25/2009] (the "Motion to Quash"); and

(2)     **Motion to Strike Defendant's Motion to Quash Service for Failure to State a**

**Legal Defense** [Doc. # 41, filed 8/27/2009] (the "Motion to Strike").

The Motion to Quash is GRANTED, and the Motion to Strike is DENIED.

This action was commenced by the filing of a complaint on February 27, 2009.  Rule

4(m), Fed. R. Civ. P., sets a time limit within which service of process must be made, as follows:

> If a defendant is not served within 120 days after the complaint is
> filed, the court--on motion or on its own after notice to the
> plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.

> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

On March 10, 2009, I ordered the plaintiff to file proofs of service on all defendants on or before July 1, 2009.  Minute Order [Doc. # 5].  No proofs of service were received within the time allowed.  Consequently, I ordered the plaintiff to show cause on or before July 23, 2009, why this case should not be dismissed for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an Order of the Court.  Order to Show Cause [Doc. # 12, filed 7/9/2009].  I cautioned the plaintiff that failure to respond to the order to show cause within the time allowed or to show cause could result in a recommendation that the case be dismissed.

In his response to the show cause order, the plaintiff requested that he be permitted an extension of unspecified duration to serve the defendants.  Response to Order to Show Cause and Motion for Extension of Time to Serve Parties [Doc. # 13, filed 7/16/2009] (the "Response"). The basis for his request was that he "must obtain the services of the Las Animas County Sheriff's Dept for process of service, as it is the only known Service Provider in Las Animas County," and he is at odds with the Las Animas County Sheriff's Department because they failed to protect him from an assault by the brother of a deputy employed by the department.

I rejected the plaintiff's excuse for failure to effect service within the time allowed, noting that under Rule 4(c)(2), Fed. R. Civ. P., "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."  Order [Doc. # 15, filed 7/28/2009] at p. 2. Nonetheless, I granted the plaintiff an extension of time until August 5, 2009, to file proofs of service for all of the defendants. Id.  I cautioned the plaintiff, however, that no further extensions of time would be granted and that his failure to file proofs of service as required would result in my recommendation that the case be dismissed.  Id.

On August 5, 2009, the plaintiff filed a request for a further extension of time, arguing

that as a result of errors by the Clerk of the Court he had been unable to obtain summons forms

with the court's stamp and to make service of them.  On August 10, 2009, I entered a

recommendation that the case be dismissed for failure to make service of process as ordered.

Recommendation [Doc. # 22].

The district judge rejected by recommendation, stating:

> Plaintiff contends that his failure to serve Defendants within the
> time frame prescribed by Magistrate Judge Boland is based on his
> failure to obtain a proper Summons until August 5, 2009.  I note
> that Plaintiff should have commenced the process of serving the
> parties well before Magistrate Judge Boland issued his Order to
> Show Cause on July 23, 2009.  In addition, I agree with Magistrate
> Judge Boland that Plaintiff failed to file proofs of service on the
> Defendants within the time frame provided by the Federal Rules of
> Civil Procedure and Magistrate Judge Boland's Orders.  However,
> since the Recommendation was issued on August 10, 2009, it
> appears that Plaintiff has attempted to serve the Defendants, and
> various returns of service were filed on August 21, 2009, and
> August 27, 2009.
>
> *    *    *
>
> While I agree with the factual findings contained in Magistrate
> Judge Boland's Recommendation, I find that dismissal, even
> dismissal without prejudice, is too harsh a sanction under the
> circumstances of this particular case.

Order [Doc. # 43, filed 9/3/2009] at p. 4.

I have reviewed the proofs of service filed by the plaintiff [Docs. ## 28 and 36

(concerning service on Archie Vigil); 29 and 39 (concerning service on Charles Glorioso); 30

and 40 (concerning service on Dan Duran); 31 and 38 (concerning service on Gabe Vasquez); 32

and 35 (concerning service on Jim Soltis);and 37 (concerning service on mayor Joe Reorda).  I

also have reviewed the Affidavit of Jerod A. Beatty [Doc. # 54-2] (the "Beatty Aff."), City

Attorney for the City of Trinity.  The evidence establishes that no defendant has ever been

served simultaneously with both a summons and a copy of the complaint.[1]  To the contrary,

defendants Soltis, Glorioso, Vigil, Duran, and Vasquez apparently were served with copies of

the complaint, but not summonses, on August 4, 2009; and that defendants Glorioso, Vigil,

Duran, Vasquez, and the Mayor of the City of Trinidad were served with summonses, but not

with copies of the complaint, on August 18, 2009.

On September 9, 2009, I allowed the plaintiff to file an amended complaint.  The

amended complaint adds Brandon Barry as a defendant and identifies Jim Soltis as the City

Manager of Trinidad.  Although the body of the amended complaint continues to make

allegations against Unknown Employees 1 and 2 and the City of Trinidad, those defendants are

not included in the case caption.  No defendant has ever been served with the amended

complaint.

Rule 4(c)(1), Fed. R. Civ. P., requires that "a summons must be served <u>with</u> a copy of the

complaint."  (Emphasis added.)  *Pro se* litigants, like the plaintiff here, are "obligated to follow

the requirements of Fed. R. Civ. P. 4."  <u>DiCesare v. Stuart</u>, 12 F.3d 973, 980 (10th Cir. 1993).

At the motions hearing this afternoon, the plaintiff stated that he will be able to effect

service of process of a summons together with a copy of the amended complaint on each

defendant by October 5, 2009, and to file proofs of that service by October 12, 2009.  In

addition, the plaintiff stated that he will file a motion to further amend the complaint so that the

caption identifies all defendants and all claims against all defendants are asserted in the body of

the complaint by October 12, 2009.

---

[1]The plaintiff admitted this at the motions hearing on September 21, 2009.

This case has been severely delayed by the plaintiff's failure to make service of process. I explained to the plaintiff at the hearing this afternoon how service is to be made and I gave him a copy of the form of summons and return of service provided by the court on its web site. The plaintiff assured me that he understands what is required by Rule 4 and that he will comply within the times specified.

IT  IS ORDERED that the Motion to Quash is GRANTED.

IT IS FURTHER ORDERED that the Motion to Strike is DENIED.

IT IS FURTHER ORDERED that the plaintiff shall serve a summons and a copy of the Amended Complaint [Doc. # 51] on each defendant in a manner allowed by Fed. R. Civ. P. 4 on or before **October 5, 2009**, and shall file proofs of that service on or before **October 12, 2009**.

IT IS FURTHER ORDERED that the plaintiff shall move to amend his Amended Complaint, if at all, on or before **October 12, 2009**, so that the caption identifies all defendants and so that all claims against all defendants are asserted in the body of the complaint.

The plaintiff's failure to comply with these requirements may result in a recommendation that the action be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and orders of the court.

Dated September 21, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge