IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00426-WYD-BNB

VINCENT GAGLIARDI,

Plaintiff,

v.

OFFICER DAN DURAN,
OFFICER ARCHIE VIGIL,
OFFICER GABE VAZQUEZ,
CITY MANAGER JIM SOLTIS,
OFFICER BRANDON BARRY, and
CHIEF OF POLICE CHARLES GLORIOSO,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Plaintiff's Motion to Amend Amended Complaint as Ordered by the Court** [Doc. #67, filed 10/07/2009] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

This case has been severely delayed by the plaintiff's failure to make service of process. After numerous motions, orders, and other filings related to the service issue, *see Order Dated September 21, 2009* [Doc. #58],  I held a hearing during which I explained to the plaintiff how service is to be made.  I informed the plaintiff that although his Amended Complaint makes allegations against Unknown Employees 1 and 2 and the City of Trinidad, those defendants were not included in the case caption.  I further informed the plaintiff that the only parties in the suit are those people named in the caption.  I directed  the plaintiff that if he wished to amend his Amended Complaint to add as defendants Unknown Employees 1 and 2, the City of Trinidad, or

anyone else, he must file a motion to amend and a corrected proposed second amended complaint by October 12, 2009.

The plaintiff now seeks leave to amend his Amended Complaint in compliance with my order. Contrary to my order, the body of the proposed second amended complaint continues to make allegations against the City of Trinidad, but the plaintiff does not included the City of Trinidad in the caption. In addition, there is no evidence in the record that the plaintiff has ever served the City of Trinidad.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 22, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge