IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00426-WYD-BNB

VINCENT GAGLIARDI,

 Plaintiff,

v.

OFFICER, DAN DURAN;
OFFICER, ARCHIE VIGIL;
OFFICER GABE VAZQUEZ;
CITY MANAGER, JIM SOLTIS;
OFFICER BRANDON BARRY; and
CHIEF OF POLICE, CHARLES GLORIOSO,

 Defendants.

**ORDER**

 THIS MATTER is before the Court on Plaintiff's *pro se* Objection to Court's Order Denying Plaintiff's Motion to Amend Complaint, filed December 17, 2009 [#88].  The "objection" appears to be a motion for reconsideration of my previous Order adopting and affirming Magistrate Judge Boland's Recommendation that Plaintiff's request to file a proposed second amended complaint be denied, entered November 19, 2009 [#83], and my Order denying Plaintiff's first motion for reconsideration, entered December 2, 2009 [#86].

 "'The Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation

-1-

marks omitted).  The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order.  "'[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is an interlocutory order which "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003); *Nat. Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'"  *Nat. Business Brokers*, 115 F. Supp. 2d at 1256 (quotation and internal quotation marks omitted).  "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'"  *Id.*, (quotation omitted).  "'A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.'"  *Id.*

The instant motion for reconsideration does not set forth any manifest error of law or fact or present newly discovered evidence.  Upon review of the motion, I find no compelling reason to reconsider any of my previous orders.

Accordingly, Plaintiff's Objection to Court's Order Denying Plaintiff's Motion to Amend Complaint, filed December 17, 2009 [#88], which has been construed as a motion for reconsideration, is **DENIED**.

Dated:  December 31, 2009

                                  BY THE COURT:

                                  <u>s/ Wiley Y. Daniel</u>
                                  Wiley Y. Daniel
                                  U. S. District Judge